UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al., <br><br>　　　　　　　Plaintiffs, <br>　　v. <br><br>BARRY CIVIL CONSTRUCTION, INC., <br><br>　　　　　　　Defendant, <br>　　v. <br><br>PEASE & SONS, INC, <br><br>　　　　　Garnishee-Defendant. | CASE NO. 2:22-mc-00106-LK <br><br>ORDER DENYING MOTION FOR JUDGMENT ON ANSWER |

This matter comes before the Court on Plaintiffs' Motion for Judgment on Answer. Dkt. No. 6. The motion is denied.

"Garnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute." *Watkins v. Peterson Enters., Inc.*, 973 P.2d 1037, 1043 (Wash.

ORDER DENYING MOTION FOR JUDGMENT ON ANSWER - 1

1999). As relevant here, a judgment creditor must "mail or cause to be mailed to the judgment debtor, by certified mail, addressed to the last known post office address of the judgment debtor . . . a copy of the writ and a copy of the judgment creditor's affidavit submitted in application for the writ[.]" Wash. Rev. Code § 6.27.130(1). The judgment creditor may alternatively serve the aforementioned documents "on the judgment debtor in the same manner as is required for personal service of summons upon a party to an action." *Id.* But when, as here, "service on the judgment debtor is made by mail, the person making the mailing shall file an affidavit including the same information as required for return on service" and "showing the address of the mailing and attaching the return receipt or the mailing should it be returned to the sender as undeliverable." *Id.* § 6.27.130(3). These requirements are not mere formalities. The statute directs that "no disbursement order or judgment against the garnishee defendant shall be entered unless there is on file the return or affidavit of service or mailing required by subsection (3)[.]" *Id.* § 6.27.130(2).

In Plaintiffs' Return of Service, counsel avers that "[s]ervice on Barry Civil Construction, Inc. was made pursuant to RCW 6.27.110(2) via certified mail, return receipt requested to Barry Civil Construction, Inc." Dkt. No. 5 at 2. There are two issues with this. First, Section 6.27.110(2) establishes the procedure for serving the writ of garnishment on the garnishee—not the judgment debtor.[1] And second, although the documents were sent by certified mail, there is no attestation that they were addressed to Barry Civil Construction at its last known post office address as required by Section 6.27.130(1). This case illustrates why that requirement is particularly

---

[1] The distinction is material, too, as Section 6.27.110(2) states that "the writ of garnishment shall be mailed to the garnishee by certified mail, return receipt requested, addressed in the same manner as a summons in a civil action," while Section 6.27.130 states that service may be effected by either (1) mailing the writ and affidavit by certified mail "to the last known post office address of the judgment debtor" on or before the date of service of the writ on the garnishee; or (2) serving the documents "on the judgment debtor in the same manner as is required for personal service of summons upon a party to an action" on or before the day of the service of the writ on the garnishee or within two days thereafter. Wash. Rev. Code § 6.27.130(1).

ORDER DENYING MOTION FOR JUDGMENT ON ANSWER - 2

meaningful. Here, the writ and accompanying documents were addressed to "Barry Civil Consstruction, Inc." at 26023 13th Avenue Court East, Spanaway WA 98387-9600. Dkt. No. 5 at 5, 9; *see also* Dkt. No. 1-2 at 4; Dkt. No. 6 at 3. Public records, however, show three different addresses for Barry Civil Construction—none of which match the Spanaway address:

- Principal Office Street Address: 10107 South Tacoma Way Ste. A3, Lakewood, WA, 98499-4664
- Principal Office Mailing Address: P.O. Box 44549, Tacoma, WA, 98448-0549
- Registered Agent: Mark E. Bardwil, 615 Commerce St. Ste. 102, Tacoma, WA, 98448-0549

Washington State Corporations and Charities Filing System, Search Results for Barry Civil Construction, https://ccfs.sos.wa.gov/#/BusinessSearch; *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (a district court may take judicial notice of matters of public record).[2] In any event, and as noted above, there is no attestation that the Spanaway address is, or at the relevant times was, the last known post office address for Barry Civil Construction.

In addition, Plaintiffs' judgment summary erroneously identifies Barry Civil Construction as the judgment debtor and the garnishee. Dkt. No. 6 at 2.

Plaintiffs' motion is accordingly denied without prejudice. Should they wish to renew the motion, the Court cautions counsel to thoroughly review Washington's garnishment laws and provide a supporting affidavit that includes the information required under Section 6.27.130. The Court further reminds Plaintiffs that they may not recover fees associated with correcting counsel's

---

[2] In another pending case between Plaintiffs and Barry Civil Construction, the complaint was served on Barry Civil Construction at a fourth address involving a different registered agent: c/o Robert Barry, 9034 Eagle Point Loop Road SW, Lakewood, WA 98498. *See Bds. of Trs. of the Locs. 302 & 612 of the Int'l Union of Operating Eng'rs Constr. Indus. Health & Sec. Fund v. Barry Civil Constr., Inc.*, No. 2:22-CV-01166-LK, Dkt. No. 2 at 1 (W.D. Wash. Aug. 23, 2022).

ORDER DENYING MOTION FOR JUDGMENT ON ANSWER - 3

mistakes. *See, e.g.*, *Bd. of Trs. of Locs. 302 & 612 of the Int'l Union of Operating Eng'rs Constr. Indus. Health & Sec. Fund v. RG Constr., Inc.*, No. 2:21-CV-01313-LK, 2023 WL 2741928, at *5 (W.D. Wash. Mar. 31, 2023). Future errors may result in sanctions. *See* LCR 11(c).

Dated this 20th day of November, 2023.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR JUDGMENT ON ANSWER - 4